UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | Claim No: 2011A05914/2011A05921 |
| vs. | § § | |
| Enrique R. Griffin | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident Oakland County, Michigan within the jurisdiction of this Court and may be served with service of process at 23635 Brandywynne Street, Southfield, Michigan 48033.

### The Debt

#### First Cause of Action - Claim Number: 2011A05914

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $8,135.53 |
| B. Current Capitalized Interest Balance and Accrued Interest | $5,117.32 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments,* | $811.54 |

   *credits, and offsets)*

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 2011A05914** | **$13,252.85** |

<div align="center">Second Cause of Action - Claim Number: 2011A05921</div>

4. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $39,379.72 |
| B. Current Capitalized Interest Balance and Accrued Interest | $32,372.54 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 2011A05921** | **$71,752.26** |

**TOTAL OWED (Claim Numbers 2011A05914 and 2011A05921) $85,005.11**

  The Certificates of Indebtedness, attached as Exhibit "A" and "B", show the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 3.270% per annum or $0.73 per day on Claim Number 2011A05914 and 3.270% per annum or $3.53 per day on Claim Number 2011A05921.

<div align="center"><b><u>Failure to Pay</u></b></div>

  5. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

  WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 and 4 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 2

Enrique R. Griffin
23635 Brandywine St
Southfield, MI 48033
Account No.

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/24/10.

On or about 08/17/92, the borrower executed promissory note(s) to secure loan(s) of $7,500.00 from Ameritrust Company National Association. This loan was disbursed for $7,500.00 on 12/22/92, at 8% interest, rising to 10% after the fourth year of repayment. Pursuant to 20 U.S.C. § 1077a(i)(7), the holder converted the interest rate to a variable rate, not to exceed, currently, 10%. This loan obligation was guaranteed by Pennsylvania Higher Education Assistance Agency, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 12/04/96, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $8,194.17 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 10/07/03, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $121.94 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 8,135.53 |
| Interest: | $ 5,685.42 |
| Total debt as of 09/24/10: | $13,820.95 |

Interest accrues on the principal shown here at the current rate of 3.27 percent and a daily rate of $0.73 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 10/05/10

Laura Bern
Loan Analyst
Litigation Support



# LAW ACCESS® 1992-93 STAFFORD LOAN PROMISSORY NOTE

47766 23

### A. IMPORTANT—READ THIS INFORMATION CAREFULLY AND PRINT CLEARLY IN INK
The terms "I", "me", "my", and "mine" refer to the borrower.

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask the financial aid administrator at my school or contact the Law School Admission Services

2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend me an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.

3. After the guarantor has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me
   a. the total dollar amount of my loan
   b. the interest rate I will pay
   c. the dollar amount of the insurance premium I will pay
   d. loan disbursement date(s)
   e. repayment terms, if principal not deferred
   f. interest payment terms, if principal repayment deferred

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. I will review my Disclosure Statement upon receiving it and will contact you if I have any questions.

### B. PROMISE TO PAY

I, _____ promise to pay
(Print your Name as Borrower)

to the order of the lender, AMERITRUST COMPANY NATIONAL ASSOCIATION, or its successor or subsequent holder, the following loan amounts requested or such lesser amount as is loaned and all other amounts stated herein

LOAN AMOUNT REQUESTED. $ **7500** 00

1. INTEREST I agree to pay an amount equivalent to simple interest [as specified in (4)] on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full

2. However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Stafford Loan Program. If the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself

3. Once the repayment status begins I will be responsible for payment of all interest that accrues on this loan, except for the interest accruing on this loan prior to the repayment period that was payable by the Secretary. The Secretary will pay the interest that accrues during any period described under Deferment in this Promissory Note

4. The interest rate will be determined according to the following
   a. If I have an outstanding Stafford Loan(s) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding Stafford Loan(s)
   b. If I have no outstanding Stafford Loan(s) but I do have an outstanding balance on any Parent Loans for Students ("PLUS") or Supplemental Loans for Students ("SLS") made for enrollment periods beginning before July 1, 1988 or on any Consolidation loans(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%.
   c. If I have no outstanding balance on any Stafford Loan, PLUS, or SLS made for enrollment period(s) beginning before July 1, 1988 or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status

5. The applicable interest rate
   a. until the end of the fourth year of my repayment status, and
   b. beginning with the fifth year of my repayment status will be identified on the Notice of Disclosure

6. I may also receive rebates of interest, in the form of reductions to my principal balance if required by the Higher Education Act of 1965, as amended, where the applicable interest rate is 10%

7. The lender or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with the Rules and Regulations and policies of the guarantor

I understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary (a) during the period I am in school on at least a half-time basis, (b) during the grace period described in Section E below, and (c) during the time my loan payments are deferred as allowed by Section L below

8. THE INSURANCE PREMIUM/GUARANTY FEE The guarantor may charge a premium to guarantee my loan. The amount, if any, is governed by current law, applicable regulations and the guarantor policy and Rules and Regulations. The insurance premium will be deducted proportionally from each disbursement. I understand that this charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which refund will be applied to my loan balance. My loan disclosure statement will show the actual insurance premium charged

9. THE ORIGINATION FEE. The origination fee will be deducted from the proceeds of the loan. The fee is determined by federal law and will be reflected on my disclosure statement. The origination fee will be deducted proportionally from each disbursement

Origination fees may be refunded, pro rata, on undisbursed amounts, if the loan is repaid in full within 120 days of disbursement, if the loan check is not cashed within 120 days of disbursement, or if the check is returned to the lender uncashed

### C. DISCLOSURE OF LOAN INFORMATION
I understand that at or before the time I receive my first loan disbursement, my lender will send me a loan disclosure statement that identifies all the terms of my loan.

### D. GENERAL
I understand that the lender has applied for guarantee coverage of this loan through a national guarantor and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Title IV, Part B of the Higher Education Act of 1965, as amended, ("the Act"), federal regulations adopted under the Act, and the Rules and Regulations of the guarantor. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located

### E. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period

However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Stafford Loan Program. The Disclosure Statement will identify the length of my grace period

1. I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply
   a. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years
   b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have Stafford, PLUS, SLS, or Consolidation program loans outstanding, we—pay toward principal and interest at least $600 or the unpaid principal of all such loans (plus interest), whichever is less
   c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above

2. I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 1 of this Section, without my further approval, however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender

3. The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins

4. My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die

### F. PREPAYMENT
At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

**SEE ADDITIONAL PROVISIONS ON THE REVERSE SIDE OF THIS NOTE**

### NOTICE TO BORROWER

(A) DO NOT SIGN THIS NOTE BEFORE YOU READ ALL OF ITS PROVISIONS, INCLUDING THE PROVISIONS PRINTED ON THE REVERSE SIDE.
(B) YOU ARE ENTITLED TO A COPY OF THIS NOTE.
(C) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(D) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN CONTACT YOUR LENDER.
(E) BY SIGNING THIS NOTE, YOU ARE AGREEING TO THE BORROWER'S CERTIFICATION ON THE REVERSE SIDE OF THIS NOTE.

X _____    8-17-92
My (Borrower's) Signature         Today's Date

My Name (Print): ENRIQUE R GRIFFIN

My SSN: _____

My Address: 23635 BRANDYWYNNE

My City/State/Zip: SOUTHFIELD, MI 48034

My Law School: U of D Mercy

## G. FORBEARANCE

If I am unable to repay the loan in accordance with the terms established under Repayment in this note, I may request the lender to modify these terms I understand that such modification would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of the guarantor I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULTS

1 Definition—I understand that under the Act, and the Guarantor Rules and Regulations, any of the following events is a default

a failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;

b. making any false representation for the purpose of obtaining the loan;

c using the loan proceeds for other than educational purposes;

d failing to enroll in the school that completed the application for the time identified as my loan period,

e not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address

2 Consequences of default—If I default on this loan

a The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable;

b The lender, holder, or guaranty agency may disclose to LSAS and schools I have attended (or am currently attending) information about the default,

c. I will be ineligible to receive assistance from the following programs Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Paul Douglas Scholarship, Perkins Loan (formerly NDSL), Stafford Loan, Supplemental Loans for Students (SLS), PLUS Loan or Income Contingent Loan,

d I will be ineligible for the benefits described under Repayment and Deferment in this Note,

e I will also pay all charges and other costs, including reasonable attorney's fees, that are permitted by law and regulations for the collection of these amounts Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date;

f The lender may assign this Note to the guarantor. I will then be required to pay the guarantor all amounts owed

## I. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment in this Note A late charge may not exceed 6 cents for each dollar of each late installment or $6 00, whichever is less

## J. CREDIT BUREAU NOTIFICATION

Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations *If I default on this loan, the lender, holder or guaranty agency will also report the default to credit bureau organizations This may significantly and adversely affect my ability to obtain other credit* The lender, holder or guaranty agency must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

## K. EFFECT OF RECEIPT OF STUDENT LOANS ON OTHER FINANCIAL AID

I should investigate the availability of other forms of financial aid with the school's financial aid administrator Before I receive a loan, the school must determine my eligibility or ineligibility for a Pell Grant It may also be to my benefit to determine my eligibility for grants, work-study and other sources of my assistance before applying for a student loan, I understand that receipt of a Stafford Loan will affect the amount of any awards that I may receive from other programs, except the Pell Grant Program

## L. DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred The instances currently authorized by the Act are described below To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the guarantor, including, without limitation, submission of required forms to the lender I may defer payment of principal on my loan after the repayment period begins under any of the following circumstances

1 While I am engaged in

a Full-time study at a school that is participating in the Stafford Loan Program, unless I am engaged in a medical internship/residency program or I am not a national of the United States and am studying at a school not located in the United States,

b Full-time study at an institution of higher education or a vocational school that is operated by an agency of the United States government (e g , the service academies), unless I am engaged in a medical internship/residency program or I am not a national of the United States and am studying at a school not located in the United States,

c. An eligible graduate fellowship program, or

d. An eligible rehabilitation training program for disabled individuals

2 For periods not exceeding 36 months (for each of the following) while I am—

a On active duty status in the Armed Forces of the United States, or serving as an officer in the Commissioned Corps of the United States Public Health Service,

b Serving as a volunteer under the Peace Corps Act, if I have agreed to serve for a term of at least one year,

c Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs), if I have agreed to serve for a term of at least one year

d Performing full-time volunteer service, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs, for an organization exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or

e Temporarily totally disabled, as established by a sworn affidavit of a qualified physician, or unable to secure employment because I am caring for a spouse or other dependent who is temporarily totally disabled, as established by a sworn affidavit of a qualified physician

3 For periods not exceeding 24 months (for each of the following) while I am—

a Serving in an eligible internship program, or

b Serving in an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility that offers post graduate training, or

c Conscientiously seeking but unable to find full time employment in the United States

4 For periods not exceeding 6 months when I am pregnant or caring for a newborn child or caring for a child immediately following the placement of the child through adoption, provided I am not attending a school and am not gainfully employed To qualify for this deferment, I must have been enrolled at least half-time in a school participating in the Stafford Loan Program within the six-month period immediately preceding the beginning date of the deferment DEC 4 1992

In addition to the above deferments, if I am a "new borrower" (as defined below), I may also request deferments of payment of principal on my loan after the repayment period begins under any of the following circumstances

5 While I am engaged in at least half-time study at a school that is participating in the Stafford Loan Program, unless I am engaged in a medical internship/residency program or I am not a national of the United States and I have received a loan under the Stafford Loan or SLS programs for the current enrollment period.

6 For periods not exceeding 36 months (for each of the following) while I am—

a An active duty member of the National Oceanic and Atmospheric Administration Corps, or

b Engaged as a full-time teacher in a public or nonprofit private elementary or secondary school in a teacher shortage area as defined by the Secretary of Education

7 For periods totaling not in excess of 12 months if I am a mother with preschool age children, am entering or reentering the work force, and am being paid at a rate that is no more than $1 00 above the minimum hourly wage prescribed by the Fair Labor Standards Act of 1938

A "new borrower" is one who has no outstanding balance on a Stafford, PLUS, SLS or Consolidation Loan on the date he or she signs the Promissory Note for a loan to cover periods of enrollment beginning on or after July 1, 1987, or disbursed on, or after July 1, 1987 To receive a deferment, I must request the deferment and provide my lender with all documentation required to establish my eligibility (as set forth in the regulations governing the Stafford Loan Program) I understand that I must notify my lender when the condition entitling me to the deferment no longer exists.

## M. TRANSFER OF NOTE

This Note may be transferred to a holder other than the lender Such transfer shall not affect the rights and responsibilities of the parties as set forth herein This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course The assignor and assignee will notify me of any such transfer in writing if the party to whom I must send payment changes

## BORROWER STAFFORD LOAN CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct I, the borrower, certify that the information contained in my application for the Stafford, SLS, and LAL loan is true, complete and correct to the best of my knowledge and belief and is made in good faith At my lender's option, under the Stafford, SLS and LAL programs, I authorize the lender to make my federal loan check(s) jointly payable to me and my school and the LAL check payable to me only or to electronically transfer loan funds to my student account at my school I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan I further authorize any educational institution that I may attend, LSAS, or the guarantor to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e g , employment, enrollment status, prior loan history, current address) I also authorize the lender, subsequent holder, their agent, educational institution, LSAS, or the guarantor to make inquiries to or respond to inquiries from my parents, spouse or prior or subsequent lenders or holders with respect to my loan application and related documents I also authorize the lender, subsequent holder, their agent, or the guarantor to release information and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number I also authorize the lender, subsequent holder, their agent, or the guarantor to check my credit and employment history and to answer questions about their credit experience with me I certify that the proceeds of this loan will be used for educational purposes for the academic period stated in my loan application at the educational institution named on the application I understand that I am responsible for repaying immediately any funds that I receive which cannot reasonably be attributed to meeting educational expenses related to attendance at the institution for the loan period stated I certify that the total amount of loans received by me under the Stafford and SLS programs, Title IV, Part B of the Higher Education Act as amended, will not exceed the allowable maximums I further certify that I do not now owe a refund on a Pell Grant, Supplemental Educational Opportunity Grant, State Student Incentive Grant, or Paul Douglas Scholarship and am not now in default on a Perkins Loan (formerly NDSL), or a Stafford (GSL) Loan, or a Federally Insured Student Loan, Supplemental Loans for Students, a PLUS Loan, a Consolidation Loan, or an Income Contingent Loan received for attendance at any institution I certify that I am a borrower eligible for participation in the Stafford, SLS and LAL programs I further certify that I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #2 OF 2

Enrique R. Griffin
23635 Brandywine St
Southfield, MI 48033
Account No.

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/24/10.

On or about 06/21/93, 01/04/94, 08/30/94, 05/22/95 & 12/11/95, the borrower executed promissory note(s) to secure loan(s) of $7,500.00, $1,000.00, $12,000.00, $11,500.00 & $4,000.00 from The Chase Manhattan Bank, N. A., Indianapolis, IN & River Forest Bank, Chicago, IL. This loan was disbursed for $7,500.00 on 10/28/93 – 12/13/93, $1,000.00 on 01/17/94 – 03/01/94, $8,500.00 & $3,500.00 on 12/06/94 – 12/12/94, $8,500.00 & $3,000.00 on 10/05/95 – 12/26/95 & $4,000.00 on 01/10/96, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Michigan Higher Education Assistance Authority, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 04/17/97 & 08/07/97, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $40,323.27 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/21/03, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $628.06 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $39,379.72 |
| Interest: | $31,194.19 |
| Total debt as of 09/24/10: | $70,573.91 |

Interest accrues on the principal shown here at the current rate of 3.27 percent and a daily rate of $3.53 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 10/05/10

Loan Analyst
Litigation Support

**MICHIGAN GUARANTY AGENCY**
**Application and Promissory Note for a Stafford Loan**

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097.

05059       AG- X-000026-08 D

### SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK

**1. Social Security Number:**

**2. Last Name, First, Middle Initial, Permanent Home Address:** GRIFFIN, ENRIQUE R. / 23635 BRANDYWYNNE / SOUTHFIELD, MI. 48034

**3. Birthdate:**

**4. Driver's License — State / Number:**

**5. Area Code/Telephone Number:** 313 353-6260

**6. U.S. Citizenship Status:** ☒ 1 Citizen  ☐ 2 Eligible Non-Citizen  Alien ID Number

**7. References:**
- Name: MARGRET GRIFFIN / Street Address: 19190 WISCONSIN / City, State, Zip: DETROIT, MICH 48221 / Telephone: / Employer: GRACE CONVALESCENT
- Name: TINA GRIFFIN / Street Address: 32100 NORTH NORFOLK / City, State, Zip: DETROIT, MICH 48221 / Telephone: / Employer: PHOTO MAT DEVELOPERS
- Name: MARLENE TERRY / Street Address: 14437 SUPERIOR / City, State, Zip: CLEVELAND HTS. OH 44112 / Telephone: / Employer: BOARD OF EDUCATION

**8. Intended Enrollment Status:** ☐ 1 Full-time  ☒ 2 At least half-time

**9. Major Course of Study:** 02

**10. Requested Loan Amount:** 7500.00

**11. Loan Period For this Loan:** From 8/93 To 5/94

**12. Have you ever defaulted on an education loan?** ☐ Yes  ☒ No

**13. Do you have any unpaid Stafford Loans or a Consolidation Loan with a Stafford portion?** ☒ Yes  ☐ No

**13A. Total unpaid balance of your most recent Stafford Loan:** 7500.00

**13B. Use chart provided in instructions:** VAR 5

**13C. Grade level of your most recent Stafford Loan:** 6

**13D. Beginning and ending dates of your most recent Stafford Loan:** From 8/92 To 5/93

**14. Total unpaid balance of all your Stafford Loans or any portion of your Stafford Loans included in a Consolidation Loan:** 7500.00

**15. Do you have any outstanding Stafford, PLUS or SLS Loans made for enrollment periods beginning before July 1, 1988 or a Consolidation Loan which repaid loans for enrollment periods beginning before such date?** ☐ Yes  ☒ No

**Name and Address of Previous Lender:** SOCIETY NATIONAL BANK / C/O P.O. BOX 2307 / INDIANAPOLIS, IND. 46206

**16. PERMANENT RESIDENT OF / MI / SINCE MONTH / 02 / YEAR / '67 /**

---

**Promissory Note for a Stafford Loan**

Promise To Pay: I, the undersigned Borrower, promise to pay you, or your order, when this Note becomes due a sum certain equal to the loan amount I have requested in Section I, item 10 of this Application or any lesser amount which will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement of the amount advanced to me plus interest and any other charges which may become due as provided in Paragraph VI. My signature signifies I have read, understand and agree to the conditions and authorizations stated in the Borrower Certification printed on the reverse side and the legally required information highlighted in the Application Booklet.

Notice to Student: Terms of the Promissory Note continue on the reverse side. Retain Copy D for your records.

I understand this is a Promissory Note. I will not sign this Promissory Note before reading it, including the writing on the reverse side, even if otherwise advised. As a Borrower, I am entitled to an exact copy of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement and any agreement I sign. By signing this Promissory Note, the Borrower acknowledges I have received an exact copy of this Note.

**20A. Signature of Student Borrower:** [signed] E. Griffin  **Date:** 6-21-93

### SECTION II — TO BE COMPLETED BY THE SCHOOL

**21. Name and Address of School:** UNIVERSITY OF DETROIT MERCY / FINANCIAL AID - McNICHOLS / P.O. BOX 19900 / DETROIT, MI 48219

**22. School Code:** 002323

**23. Area Code/Telephone Number:** (313) 596-0213

**24. Grade Level Code:** 1B

**25. Anticipated Completion Date:** 5/96

**26. Enrollment Period Covered by Loan:** 8/23/93 — 5/15/94

**27. Family Adjusted Gross Income:** 62,715.00

**28. Estimated Cost of Attendance for Loan Period:** 18,859.00

**29. Estimated Financial Aid for Loan Period:** 1900.00

**30. Expected Family Contribution:** 5337.00

**31. Difference (28 minus the sum of 29 and 30):** 11,622.00

**32. Reduced Stafford Eligibility:** .00

**33. Recommended Disbursement Date(s):** 8/24/93   12/1/93

**Signature of Financial Aid Officer:** [signed] Jenny L. McAlonan

**Type or Print Name and Title:** Jenny L. McAlonan - Fin. Aid Paraprofessional

**Date:** 9/30/93

### SECTION III — TO BE COMPLETED BY THE LENDER

**36. Name, City and State of Lending Institution:** THE CHASE MANHATTAN BANK, NA / C/O P.O. BOX 31094 / TAMPA, FL 33631

**37. Lender Code:** 831269

**38. Area Code/Telephone Number:** 800-553-6609

**39. Loan Amount Approved:** .00

**40. Interest Rate:** %

**41. Anticipated Disbursement Date(s):**

**42. Fee:**

0.1MI 291 A

## Additional Terms of the Promissory Note for a Stafford Loan

**I.** In this Note the words I, me, and my mean the Borrower identified in Item 2 of Section 1 of the Application and any Cosigner of this Note. You, your and yours mean the Lender and any other Holder of the Note. I hereby give you or the Guarantor the authority to complete any incomplete blanks on this Note.

**II. Date Note Comes Due.** I will repay this loan: 1) in periodic installments beginning no later than the end of my grace period as disclosed to me in the Notice of Loan Guarantee and Disclosure Statement; or 2) in full immediately if I fail to enroll at and attend the school which certified this Application for the academic period intended, in which case I will not be eligible for a grace period. During the grace period, I may request that repayment may begin before my grace period ends.

**III. Interest.** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. However, the U.S. Secretary of Education (hereinafter the "Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Title IV, Part B of the Higher Education Act (hereinafter the "Act"). In the event that the interest on this loan is payable by the Secretary, neither you or any other Holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. Once the repayment status begins I will be responsible for payment of all interest which accrues on this loan. The Secretary will pay the interest that accrues during any period described under Deferment in this Promissory Note. The interest rate will be determined according to the following: (a) If I have an outstanding Stafford Loan(s) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the most recent Stafford Loan(s); (b) If I have no outstanding Stafford Loan(s) but I do have an outstanding balance on any PLUS or Supplemental Loans for Students (SLS) made for enrollment periods beginning before July 1, 1988 or on a Consolidation Loan which repaid loans made for enrollment period(s) beginning before such date, the applicable interest rate on this loan will be 8%; (c) Otherwise, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status. The applicable interest rate will be identified on the Notice of Loan Guarantee and Disclosure Statement. I may also receive rebates of interest, if required by the Act, when the applicable interest rate is 10%. You may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of the Guarantor. All payments will be made to your address as specified on the Notice of Loan Guarantee and Disclosure Statement or to any other address of which you notify me.

**IV. Origination and Guarantee Fees.** I will pay to you an origination fee not to exceed the percentage of the loan amount that is authorized by federal law. You will deduct this fee proportionately from each disbursement of principal of this loan. I will also pay you an amount equal to the guarantee fee that you are required to pay to the Guarantor for this loan. I am entitled to a refund of the origination and guarantee fee paid in respect to this Note if I pay back this Note in full within 120 days of disbursement or if I return the uncashed loan check to you. The amount of the origination and guarantee fees will be disclosed to me on the Notice of Loan Guarantee and Disclosure Statement.

**V. Default.** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the Guarantor finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments, or 240 days for a loan repayable in less frequent installments. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. You or the Guarantor may disclose to schools I have attended or intend to attend the information about the default. I will be ineligible to receive assistance from any of the following federal programs: Pell Grant, Byrd Scholarship, Supplemental Education Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan, Stafford Loan, Supplemental Loans for Students (SLS), PLUS Loan, Income Contingent Loan or a Consolidation Loan. A default also makes me ineligible for the benefits, if any, which I may qualify for as described under Deferment, Paragraph VIII and under Interest, Paragraph III. If this loan is referred for collection to any agency for collection, I will pay collection costs.

**VI. Late Charges and Collection Costs.** If any payment has not reached you within 10 days after its due date or if I fail to provide written evidence which verifies my eligibility to have the amount deferred as described under Deferment, Paragraph VIII, you may, if permitted by law, bill me for a late charge at the maximum rate permitted which shall not exceed six cents for each dollar of each late installment. If I fail to pay any amounts when they are due, I will pay all charges and other collection costs including the statutorily authorized fees of an outside attorney and court costs that are permitted by federal law and regulations for the collection of this loan, which you incur in collecting this loan. In case of accounts brought into repayment status as a result of the Guarantor performing supplemental preclaims assistance in accordance with §428(c)(6)(C) of the Act, I will be liable for such costs.

**VII. Additional Agreements.** The proceeds of this loan will be sent to the school listed on my Application and be used only for education expenses. Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provisions of this Note can be waived or modified except in writing. If the Guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the Guarantor will become the owner of this Note and as my Creditor will have all the rights of the original Lender to enforce this Note against me. I understand that I must repay this Note even though I may be under 18 years of age. This Note is not effective until it is accepted by you. If the Borrower becomes totally and permanently disabled, or dies his or her obligation to repay this loan will be cancelled. I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days. I have not made any false written statement with regard to the loan. If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note.

**VIII. Deferment.** I am entitled to deferments under the Act and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information provided in the Application Booklet or as amended by federal law.

**IX. Repayment.** I will repay the total amount due on this Promissory Note in periodic installments, with interest on the unpaid balance from the due date of the Promissory Note, until the loan is paid in full, unless the whole loan is due as described in Default, Paragraph V.

I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

1. If, during the grace period, I request a shorter repayment period you may grant me a shorter period.
2. You may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have Stafford, PLUS or SLS Program Loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less.
3. If I qualify for postponement of my payments during any period described under Deferment, Paragraph VIII, in the Promissory Note, or if you grant "forbearance," those periods will not be included in the 5- and 10-year periods mentioned above.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a Repayment Schedule, which you will provide to me, normally just before the repayment period begins. I further agree you may grant me a forbearance for the purpose of aligning the first payment date of this loan with other loans reflected on my Repayment Schedule or for the purpose of eliminating a delinquency which persists even though I am making regularly scheduled payments. If a forbearance is granted in either of these two situations, you will capitalize any accrued interest.

**X. Prepayment.** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification.** I have read and understand the Credit Bureau Notification information provided in the General Information section of this Application Booklet.

*All right, title and interest of the undersigned is hereby assigned (except that the warranty of Insurance) to: Michigan Guaranty Agency The Sallie Mae Servicing Corporation Authorized Loan Servicing Agent for the Student Loan Marketing Association By [signature] Authorized Agent*

## BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct: The information contained in this Application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school described in Section II to pay to the Lender any refund which may be due to me up to the amount of this loan. I hereby authorize any school which I may attend to release to the Lender, subsequent Holder, Guarantor, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). The proceeds of any loan made as a result of this Application will be used for education expenses for the loan period covered by this Application and at the school described in Section II. I understand I must immediately repay any funds I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at

the school for the loan period. I certify that I do not now owe a refund on a Federally Insured Student Loan, a Stafford Loan, a Federally Insured Student Loan, a PLUS/SLS Loan, an Income Contingent Loan or a Consolidation Loan unless I have otherwise indicated on this Application. I further certify that I do not owe a repayment on a Pell Grant, Byrd Scholarship, Supplemental Grant or State Student Incentive Grant. I authorize my Lender to issue a check covering the proceeds of my loan, in full, or in part, made payable to me, or at the Lender's option, jointly payable to me and the school, and sent to the school.

I understand I will receive a Notice of Loan Guarantee and Disclosure Statement which identifies my loan amount (as determined by the Lender), the fee amounts, disbursement dates, grace period, interest rate and late charges. I understand and agree if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on

1994 JAN 12 A 8:22

971400003

## Application and Promissory Note for Federal Stafford Loans (Subsidized and Unsubsidized) and Federal Supplemental Loans for Students (SLS)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

**Guarantor or Program Identification:** MICHIGAN GUARANTY AGENCY — MI

### BORROWER SECTION — Please Print Neatly or Type — READ THE INSTRUCTIONS CAREFULLY

1. Last Name: GRIFFIN   First Name: ENRIQUE   MI: R
2. Social Security Number: —
3. Permanent Street Address: 23635 BRANDYWYNNE
   City: SOUTHFIELD   State: MI   Zip Code: 48034
4. Telephone Number: (313) 3536260
5. Loan Period (MO/YR): From 1-94 To 5-94
6. Driver's License Number: —
7. Lender Name: CHASE   City: INDIANAPOLIS   State: ID   Zip Code: 46206
8. Lender Code, If Known: 831269
9. Date of Birth (MO/DAY/YR): —

10. a. Check the interest rate for your most recent Federal Stafford Loan, if any: 7%☐ 8%☐ 9%☐ 8/10%☐ Variable ☒
    b. Do you currently have an outstanding Federal SLS, PLUS, or Consolidation Loan(s) at agencies other than the one this application will be processed by? If yes, check here: ☒

11. REFERENCES:
    - Name: MARGRET GRIFFIN    | TINA GRIFFIN
    - Permanent Address: 19190 WISCONSIN | 3260 NORTH NORFOLK
    - City, State, Zip Code: DET. MICH 48221 | DET. MICH 48221
    - Area Code/Telephone: ( ) | ( )
    - Relationship to Borrower: MOTHER | SISTER

### LOAN ASSISTANCE REQUESTED

12. I wish to apply for the following types of loans in the order presented to the extent that I am eligible:
    a. ☒ SUBSIDIZED FEDERAL STAFFORD
    b. ☐ UNSUBSIDIZED FEDERAL STAFFORD
    c. ☐ FEDERAL SUPPLEMENTAL LOANS FOR STUDENTS (SLS)

13. I request a total amount under these programs not to exceed: $1000.00

14. a. Yes, I want a deferment: ☒   b. No, I do not want a deferment: ☐
15. a. Yes, I want my interest capitalized: ☒   b. No, I prefer to pay the interest: ☐
16. If my school participates in EFT... a. Yes ☒ b. No ☐
17. Are you delinquent on any non Title IV federal debt? a. Yes ☐ b. No ☒

### PROMISSORY NOTE (Continued on the reverse side)

**PROMISE TO PAY**

I promise to pay to the Lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued.

I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. My signature certifies I have read and agree to the terms and conditions, including the "Borrower's Certification," printed on the reverse side of this Application and Promissory Note.

**THIS IS A LOAN(S) THAT MUST BE REPAID**

18. Borrower's Signature: [signed]
    Today's Date (MO/DAY/YR): 1-4-94

### SCHOOL CERTIFICATION SECTION — TO BE COMPLETED BY SCHOOL

19. School Name: University of Detroit Mercy — Financial Aid
20. Street Address: P.O. Box 1900 - McNichols Campus
    City: Detroit  State: MI  Zip Code: 48219
21. Loan Period (MO/DAY/YR): From 1/10/94 To 5/15/94
22. Grade Level: 7
23. Enrollment Status: Full Time ☒  At Least Half-Time ☐
24. Anticipated Completion (Graduation) Date (MO/DAY/YR): 5/15/96
25. School Code/Branch: 002323
26. Cost of Attendance: $9430.00
27. Federal Expected Family Contribution: $2668.00
28. Estimated Financial Aid: $4700.00
29. Certified Loan Amount(s):
    a. Subsidized $ 1000.00
    b. Unsubsidized $ .00
    c. SLS $ .00
30. Telephone Number: (313) 596-0213
31. Recommended Disbursement Date(s) (MO/DAY/YR): 1st 12/21/93  2nd 3/1/94  3rd ___ 4th ___
32. Signature of Authorized School Official: Jenny L. McAlonan
    Print or Type Name: Jenny L. McAlonan
    Date: 1/5/94
    Check box if electronically transmitted to guarantor: ☐

### LENDER SECTION — TO BE COMPLETED BY LENDER

33. Lender Name: THE CHASE MANHATTAN BANK, NA
    Street Address: C/O P. O. BOX 6156, D2110
34. Lender Code/Branch: 831269
35. Telephone Number: (800) 824-7044
36. Lender Use Only: 06MIUDS
37. Amount(s) Approved:
    a. Subsidized $ .00   b. Unsubsidized $ .00   c. SLS $ .00

## Promissory Note (continued)

### Disclosure of Terms

This Note may apply to one or more of the following types of loans, which have different terms: subsidized Federal Stafford Loan, unsubsidized Federal Stafford Loan, and Federal Supplemental Loans for Students (SLS). I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that any one loan may be assigned independently of any other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a Disclosure Statement identifying additional terms of each loan. Important additional terms are disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

### Interest

Interest accrues on the unpaid principal balance of each loan from the date of disbursement until the entire principal balance is paid in full. I must pay all interest charges on my unsubsidized Federal Stafford Loan and Federal SLS Loan. For a subsidized Federal Stafford Loan, I do not pay interest payable by the federal government under the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Act and presented in the statement of Borrower's Rights and Responsibilities. I also may receive rebates of interest as provided by the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford and Federal SLS Loans be added to the principal balance of my loans (referred to as Capitalization), I will begin paying interest upon disbursement of such loans. Should I fail to make required payments of interest prior to the commencement of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may Capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the Guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the Disclosure Statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is canceled or repaid in full within 120 days of disbursement.

### Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

Federal Stafford Loans have a repayment "Grace Period," usually until 6 months after I end enrollment as at least a half-time student at an eligible school. My Grace Period will be disclosed in my Disclosure Statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins: (i) in the case of a subsidized or unsubsidized Federal Stafford Loan, on the day immediately following the end of my Grace Period; (ii) in the case of a Federal SLS Loan, on the day of the final disbursement. My principal repayment period for each loan generally lasts five years, but may not exceed ten years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a Repayment Schedule that identifies my payment amounts and due dates. The minimum annual payment whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive Repayment Schedule consistent with the provisions of the Act.

My Repayment Schedule may include all of my loans that are owned by the holder of this Note. I agree the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments. I may prepay all or any part of the unpaid balance on my loans at any time without penalty.

### Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (i) I fail to enroll as at least a half-time student at the school that certified my Application; (ii) I fail to use the proceeds of the loan(s) solely for educational expenses; (iii) I make false representation that results in my receiving a loan(s) for which I am not eligible; or (iv) I default on the loan(s).

The following events shall constitute a default on a loan: (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the Guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly. If I default, the Guarantor may purchase my loan, and Capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to National Credit Bureau Organizations and will significantly and adversely affect my credit rating. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), other applicable federal statutes and regulations, and the Guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the Guarantor is located, the Guarantor may sue to enforce this loan in the county in which the Guarantor's office is located. However, if I object to being sued there and I mail a written objection to the Guarantor that is postmarked no later than 30 days after I am served with the suit, the Guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

### Borrower Certification

I declare under penalty of perjury that the following is true and correct: (1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith. (2) I certify that loan proceeds will be used for authorized educational expenses and that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application. (3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act. (4) I authorize my school to pay to the holder any refund, that may be due to me up to the amount of the loan(s). (5) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans) or the Federal Family Education Loan Program (or FFELP, as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder. (6) I authorize the holder(s) of my loan(s), the Guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations. (7) I authorize the release of information pertinent to this loan: (i) by the school, current holder and the Guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise; and, (ii) by and amongst my schools, lenders, Guarantors, subsequent holders, the Department of Education, and their agents. (8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP. (9) I authorize my schools and Guarantors to verify my social security number with the Social Security Administration (SSA) and, if the number on my loan records is incorrect, then I authorize SSA to disclose my correct social security number to these parties. (10) I have read and understand this Application and Promissory Note and the accompanying statement of Borrower's Rights and Responsibilities.

### School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified. I certify that the student is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated, and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the Guarantor to adjust disbursement dates if necessary to ensure compliance with the Act. I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an overpayment of any federal grant made under the Act, and that the information provided in the Borrower and School sections of the Application (including information supplied in electronic format) is true, complete and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT

# Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

**Guarantor or Program Identification:** MICHIGAN GUARANTY AGENCY — 94
MI

## Borrower Section
*Please print neatly or type. Read the instructions carefully.*

1. Last Name: GRIFFIN — First Name: ENRIQUE — MI: RAFAEL
2. Social Security Number: —
3. Permanent Street Address: 23635 BRANDYWYNNE
4. Telephone Number: (810) 353-6260
5. Loan Period: From: 8/94 To: 6/95
   City: SOUTHFIELD  State: MI  Zip: 48034
6. Driver's License Number: —
7. Lender Name: CHASE  City: Indianapolis  State: ID  Zip: 46206
8. Lender Code, if known: 831269
9. Date of Birth: —

10. References:
    1. Name: MARGRET GRIFFIN
       Address: 19190 WISLOWSON
       DETROIT MI 48221
       Relationship: MOTHER
    2. Name: CHRISTINA GRIFFIN
       Address: 13260 N. NORFOLK
       DETROIT, MI 48235
       Relationship: SISTER

### Loan Assistance Requested

11. I request the following loan type(s): ☒ a. Subsidized Federal Stafford  ☒ b. Unsubsidized Federal Stafford
12. Total amount requested: $12,000.00
13. Deferment: ☒ a. Yes, I want a deferment  ☐ b. No
14. Interest capitalization: ☒ a. Yes, I want my interest capitalized  ☐ b. No, I prefer to pay the interest
15. EFT: ☐ a. Yes, transfer funds  ☒ b. No, do not transfer funds

### Promissory Note
*Continued on the reverse side.*

**Promise to Pay:** I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID**

16. Borrower's Signature: [signed]  Today's Date: 8-30-94

## School Section
*To be completed by an authorized school official.*

17. School Name: University of Detroit Mercy
18. Street Address: P.O. Box 19900 - FAC 200  City: Detroit  State: MI  Zip: 48219
19. Loan Period: From 8/22/94 To 5/12/95
20. Grade Level: C
21. Enrollment Status: ☒ Full Time  ☐ At Least Half Time
22. Anticipated Completion Date: 12/16/95
23. School Code/Branch: 002323
24. Cost of Attendance: $19,622.00
25. Federal Expected Family Contribution: $2,693.00
26. Estimated Financial Aid: $0.00
27. Certified Loan Amounts:
    a. Subsidized: $8,500.00
    b. Unsubsidized: $3,500.00
28. Telephone Number: (313) 596-0213
29. Recommended Disbursement Date(s): 1st 7/23/94  2nd 12/10/94
30. School Certification:
    Signature: Jenny L. McAlonan
    Print: Jenny L. McAlonan-Para
    Date: November 22, 1994
    ☒ Check box if electronically transmitted to guarantor

## Lender Section
*To be completed by an authorized lending official.*

31. Lender Name: CHASE MANHATTAN BANK, NA
    Street Address: C/O P.O. BOX 6156, D2110
32. Lender Code/Branch: 831269
33. Telephone Number: (800) 824-7044
34. Lender Use Only: 01MIUDS
35. Amount(s) Approved:
    a. Subsidized: $____.00  b. Unsubsidized: $____.00
36. Signature of Authorized Lending Official: —

# Promissory Note *(continued)*

### Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

### Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). The rate is presented in the statement of Borrower's Rights and Responsibilities.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan. I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest upon disbursement. If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement.

### Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest. Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student at an eligible school. My grace period will be disclosed in my disclosure statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period. My principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act.

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of this Note. I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my

### Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: **(i)** I fail to enroll as at least a half-time student at the school that certified my Application; **(ii)** I fail to use the proceeds of the loan(s) solely for educational expenses; **(iii)** I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible; or **(iv)** I default on the loan(s).

The following events shall constitute a default on a loan: **(i)** I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or **(ii)** I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly. If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to national credit bureau organizations and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended [20 U.S.C. 1070 et seq.], other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

### School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified. I certify that the student is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated, and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the guarantor to adjust disbursement dates

### Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct:

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application.

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act.

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder.

(5) I authorize my school to pay to the holder any refund, that may be due to me up to the amount of the loan(s).

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations.

(7) I authorize the release of information pertinent to this loan: **(i)** by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise; and, **(ii)** by and amongst my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents.

(8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP.

if necessary to ensure compliance with the Act. I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an overpayment of any federal grant made under the Act, and that the information provided in the Borrower and School Sections of the Application (including information supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

RECEIVED AUG 0 1 1995

## Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

**Guarantor of Program Identification:** MICHIGAN GUARANTY AGENCY   94
MI

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

*Please print neatly or type. Read the instructions carefully.*

### Borrower Section

1. Last Name: GRIFFIN   First Name: ENRIQUE   MI: R
2. Social Security Number: [blank]
3. Permanent Street Address: 23635 BRANDYWYNNE
4. Telephone Number: (810) 353-6260
5. Loan Period: From 8/95 To 5/96
   City: SOUTHFIELD   State: MI   Zip Code: 48034
6. Driver's License Number: [blank]
7. Lender Name: RIVER FOREST   City: CHICAGO   State: ILL.   Zip Code: 60625
8. Lender Code, if known: 817846
9. Date of Birth: [blank]

10. References:
    1. Name: MARGARET GRIFFIN
       Permanent Address: 19190 WISCONSIN
       City, State, Zip: DETROIT MI 48221
       Area Code/Telephone: ( )
       Relationship to Borrower: MOTHER
    2. Name: CHRISTINA GRIFFIN
       Permanent Address: 13260 N. NORFOLK
       City, State, Zip: DETROIT MICH 48235
       Area Code/Telephone: ( )
       Relationship to Borrower: SISTER

### Loan Assistance Requested

11. I request the following loan type(s), to the extent I am eligible:  [X] a. Subsidized Federal Stafford   [X] b. Unsubsidized Federal Stafford
12. I request a total amount under these loan types not to exceed: $11,500.00
13. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. [X] a. Yes, I want a deferment   [ ] b. No, I do not want a deferment
14. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). [X] a. Yes, I want my interest capitalized   [ ] b. No, I prefer to pay the interest
15. If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account.  [X] a. Yes, transfer funds   [ ] b. No, do not transfer funds

### Promissory Note

*Continued on the reverse side.*

**Promise to Pay:** I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

16. Borrower's Signature: [signature]   Today's Date: 5/22/95

### School Section

*To be completed by an authorized school official.*

17. School Name: UNIV OF DETROIT MERCY
18. Street Address: P.O. BOX 19900
    City: DETROIT   State: MI   Zip: 48219-0900
19. Loan Period: From 8/21/95 To 5/10/96
20. Grade Level: D
21. Enrollment Status: [ ] Full Time  [X] At Least Half Time
22. Anticipated Completion Date: 5/10/96
23. School Code/Branch: 002323-00
24. Cost of Attendance: $18,782.00
25. Federal Expected Family Contribution: $5129.00
26. Estimated Financial Aid: $1500.00
27. Certified Loan Amounts:
    a. Subsidized: $8500.00
    b. Unsubsidized: $3000.00
28. Telephone Number: (313) 596-0213
29. Recommended Disbursement Date(s): 1st 8/8/95   2nd 12/26/95   3rd [ ]   4th [ ]
30. School Certification: [signature] Jenny L. McAlvan
    Print or Type Name and Title: Jenby L. McAlvan-Para
    Date: October 2, 1995
    [X] Check box if electronically transmitted to guarantor.

### Lender Section

*To be completed by an authorized lending official.*

31. Lender Name: RIVER FOREST BANK
    Street Address: P.O. BOX 25586
32. Lender Code/Branch: 817846
33. Telephone Number: (800) 345-4325
34. Lender Use Only
35. Amount(s) Approved:
    a. Subsidized: $ .00
    b. Unsubsidized: $ .00

## Promissory Note (continued)

### Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

### Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). The rate is presented in the statement of Borrower's Rights and Responsibilities.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan. I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest upon disbursement. If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. In addition, the guarantee agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified by the Act. Each of these fees is identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if disbursement is cancelled or repaid in full within 120 days of disbursement.

### Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest. Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student at an eligible school. My grace period will be disclosed in my disclosure statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period. My principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act.

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of this Note. I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my

### Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (i) I fail to enroll as at least a half-time student at the school that certified my Application; (ii) I fail to use the proceeds of the loan(s) solely for educational expenses; (iii) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible; or (iv) I default on the loan(s).

The following events shall constitute a default on a loan: (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly. If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to national credit bureau organizations and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended [20 U.S.C. 1070 et seq.], other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

Any holder of this Note will comply with the requirements of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

### School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan-type(s) certified. I certify that the student is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated, and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the guarantor to adjust disbursement dates

### Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct:

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application.

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act.

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder.

(5) I authorize my school to pay to the holder any refund that may be due to me, up to the amount of the loan(s).

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and to report information concerning my loan status to proper persons and organizations.

(7) I authorize the release of information pertinent to this loan: (i) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise; and, (ii) by and amongst my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents.

(8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP.

---

THE UNDERSIGNED DOES HEREBY SELL, TRANSFER AND SET OVER UNTO MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

LENDER: Corus Bank
SIGNATURE: [signature] Maria E. [illegible]
TITLE: Claims Rep
DATE: 06-10-97

SIGNATURE: [signature] Maria E. [illegible]
TIME GLAIMS REP
DATE: 06-10-97

# Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

**WARNING** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097

**Guarantor Program Identification:** MICHIGAN GUARANTY AGENCY — MI — 94

*Please print neatly or type. Read the instructions carefully.*

## Borrower Section

1. Last Name: **GRIFFIN** — First Name: **ENRIQUE** — MI: **R**
2. Social Security Number: [illegible]
3. Permanent Street Address: **23635 BRANDYWYNNE**
   City: **SOUTHFIELD**, State: **MI**, Zip Code: **48034**
4. Telephone Number: **(810) 353-6260**
5. Loan Period (Month/Year): From **8/95** To **6/96** — ERG
6. Driver's License Number: [blank]
7. Lender Name: College Credit / First Gulf — [illegible] PO Box 1411, [illegible] VA 22116
8. Lender Code: 830310 / 817846
9. Date of Birth: [illegible]

10. **References:**
    1. Name: **MARGARET GRIFFIN** — Address: **19190 WISCONSIN, DETROIT, MICH 48881** — Relationship: **MOTHER**
    2. Name: **CHRISTINA GRIFFIN** — Address: **13260 N. NORFOLK, DETROIT, MI 48235** — Relationship: **SISTER**

### Loan Assistance Requested

11. Loan type(s): ☐ a. Subsidized Federal Stafford  ☒ b. Unsubsidized Federal Stafford
12. Total amount requested: **$4,000.00**
13. Deferment: ☒ a. Yes, I want a deferment  ☐ b. No
14. Capitalization: ☒ a. Yes, I want my interest capitalized  ☐ b. No — ERG
15. EFT: ☒ a. Yes, transfer funds  ☒ b. No, do not transfer funds

### Promissory Note

Promise to Pay: I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

16. Borrower's Signature: [signed] — Today's Date: **12-11-95**

## School Section

17. School Name: **University of Detroit Mercy**
18. Street Address: **P.O. Box 19900 - FAC 200**, City: **Detroit**, State: **MI**, Zip: **48219**
19. Loan Period: From **8/21/95** To **5/10/96**
20. Grade Level: **D**
21. Enrollment Status: ☒ At Least Half Time
22. Anticipated Completion Date: **5/10/96**
23. School Code/Branch: **002323**
24. Cost of Attendance: **$18,782.00**
25. Federal Expected Family Contribution: **$5,129.00**
26. Estimated Financial Aid: **$13,129.00**
27. Certified Loan Amounts:
    a. Subsidized: **$0.00**
    b. Unsubsidized: **$4000.00**
28. Telephone Number: **(313) 596-0213**
29. Recommended Disbursement Date(s): 1st **8/8/95**  2nd **12/26/95**
30. School Certification — Signature: **Jenny L. McAlonan**, Print: **Jenny L. McAlonan-Para**, Date: **December 14, 1995**
    ☐ Check box if electronically transmitted to guarantor

## Lender Section

31. Lender Name: **River Forest** — College Credit Corp
    Street Address: PO Box 1411 — [illegible]
32. Lender Code/Branch: **830310 / 817846**
33. Telephone Number: **(800) 343-0222**
34. This application has been electronically transmitted by [signed] Whizkid
35. Amount(s) Approved: a. Subsidized $ [blank]  b. Unsubsidized $ [blank]
36. Signature of Authorized Lending Official: [signed]

RECEIVED DEC 1 1995

LENDER COPY

1/31/94

# Promissory Note (continued)

### Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

### Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U S Department of Education regulations (collectively referred to as the Act). The rate is presented in the statement of Borrower's Rights and Responsibilities.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan. I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest upon disbursement. If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement.

### Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest. Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student at an eligible school. My grace period will be disclosed in my disclosure statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period. My principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act.

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of this Note. I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, the holder will determine how to apply the prepayment.

### Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (i) I fail to enroll as at least a half-time student at the school that certified my Application, (ii) I fail to use the proceeds of the loan(s) solely for educational expenses, (iii) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible, or (iv) I default on the loan(s).

The following events shall constitute a default on a loan: (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph, or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly. If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to national credit bureau organizations and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended [20 U S C 1070 et seq.], other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

### School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in the program, is an eligible borrower in accordance with the Act, certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not in default and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the guarantor to adjust disbursement dates [...] to ensure compliance with the Act. I further certify, based on records available and due inquiry, [...] the borrower [...] the school is not liable for an overpayment [...] of federal grants made under the Act, and that the information provided in the Borrower and the School Sections of the Application (including information supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

### Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct.

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application.

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act.

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder.

(5) I authorize my school to pay to the holder any refund, that may be due to me, up to the amount of the loan(s).

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations.

(7) I authorize the release of information pertinent to this loan (I) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise, and, (II) by and amongst my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents.

(8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP.

"THE UNDERSIGNED DOES HEREBY ASSIGN, TRANSFER AND ENTER INTO [...] EDUCATION ASSISTANCE AUTHORITY"

1/31/94